FILED

MAY 01 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADOLFO NARANJO, Jr., | No.    16-56867 |
| Plaintiff-Appellant, | D.C. No.<br>2:13-cv-02685-JAK-SH |
| v. | |
| COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a law enforcement agency; LOS ANGELES COUNTY CIVIL SERVICE COMMISSION, a public board entity; LEROY D. BACA, elected Sheriff of Los Angeles County; RAY LEYVA, Captain, deputy sheriff employed by LASD; FRANK ROTH, Sergeant, deputy sheriff employed by LASD; WILLIAM J. FUJIOKA, CEO of Los Angeles County; DOES, 1 through 20 inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted April 10, 2018

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,** District Judge.

Adolfo Naranjo, Jr., appeals the dismissal of his 42 U.S.C. § 1983 and California Government Code § 3304(b) actions in which he claimed he was denied due process when he was removed from his deputy sheriff position and reassigned to the position of a warehouse worker aide without a full hearing. The reassignment was made after a psychological evaluation found him to be unfit for duty as a deputy. Naranjo had the opportunity to present medical evidence on his own behalf.

In state court writ proceedings, the California Superior Court determined that he was not entitled to a full hearing. Naranjo's principal argument on appeal is that the District Court erred in giving preclusive effect to the state court decision. At issue in state court was whether the Civil Service Rules entitled him to the full hearing offered to those against whom punitive action is taken. The state court determined that the action taken by the County was not punitive; it was done for medical reasons and not for purposes of discipline. Accordingly, the state court held that the County was in compliance with the Public Safety Officers Procedural

---

** The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

Bill of Rights Act. *See* Cal. Gov. Code § 3304(b). Naranjo is barred by res judicata and collateral estoppel from relitigating that claim and the underlying issues in the District Court. *See People v. Barragan*, 83 P.3d 480, 492 (Cal. 2004).

Naranjo nevertheless contends that he is entitled to litigate his federal claim of denial of due process under 42 U.S.C. § 1983. To the extent that the claim was not actually litigated in state court, however, it could have been. Such a claim is barred. *See Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 302 (Cal. 2002) ("Under [the res judicata] doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."). Hence, the District Court correctly concluded that the federal claim was precluded.

Naranjo also challenges the dismissal of his *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), claim without leave to amend. The dismissal was founded upon res judicata and collateral estoppel principles as well. No amendment has been suggested that would alter the nature of the remedy sought or the policy challenged. Thus, any amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted) ("Although leave to amend should be given freely, a

district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**AFFIRMED**.